1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8     TARA JEAN MCMANUS,

                              Plaintiff,                    Case No. C23-1248 RSM

9

          v.                                                **ORDER DENYING PLAINTIFF'S**
                                                            **MOTION TO APPOINT COUNSEL**
10

      COMMISSIONER OF SOCIAL SECURITY,

11

                              Defendant.

12

           This matter is before the Court on Plaintiff's motion to appoint counsel.[1]  Dkt. 26.

13

      Plaintiff proceeds *pro se* and *in forma pauperis* in this action challenging the Commissioner's

14

      denial of Social Security benefits.  For the reasons discussed below, this application is DENIED.

15

           There is generally "no constitutional right to counsel in a civil case."  *Adir Int'l, LLC v.*

16

      *Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted).

17

      Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel for civil litigants "unable to afford

18

      counsel[,]" but may do so only in "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d

19

      1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

20

      1986)); 28 U.S.C. 1915(e)(1).  In assessing whether "exceptional circumstances" exist, the Court

21

      will consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to

22

      articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v.*

23

---

[1] The Court has reviewed the motion and has determined a response from Defendant is not necessary.

ORDER DENYING PLAINTIFF'S
MOTION TO APPOINT COUNSEL - 1

*Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Neither of these factors is dispositive and both must be viewed together before reaching a decision[.]"  *Wilborn*, 789 F.2d at 1331.

At this early stage, Plaintiff presents insufficient evidence to establish a likelihood of success on the merits.  Dkt. 26.  In response to the question of whether another agency has "officially determined whether there is reasonable cause to believe the allegations of your complaint are true[,]" Plaintiff alludes to determinations by "Child Protective Services and Superior Court of Washington County of King Juvenile Court."  *Id*. at 2.  However, Plaintiff includes no documentation of the alleged determinations, and Plaintiff's mere reference to these determinations offers little additional insight into the potential merits of her claims.  *Id.*  Moreover, Plaintiff does not allege or explain in her motion how or why the complexity of the issues in this case would prevent her from articulating her claims *pro se*.  In fact, based on her complaint, Plaintiff's claim appears clearly articulated and raises fairly straightforward issues.  *See* Dkt. 15.  Plaintiff indicates the ALJ overlooked or did not properly consider her mental health impairments.  *Id.* at 4–6.  Based on the information available thus far in the proceeding, Plaintiff appears able to articulate her claims relatively well *pro se*.  Plaintiff, therefore, has not presented exceptional circumstances that would justify appointing counsel at this time.

For the foregoing reasons, Plaintiff's motion to appoint counsel is DENIED without prejudice.

DATED this 8th day of March, 2024.

Ricardo S. Martinez
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION TO APPOINT COUNSEL - 2